UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80914-CIV-RYSKAMP/VITUNAC

WILBUR VEASY,

    Plaintiff,

v.

RIC BRADSHAW, in his official
capacity as Sheriff of Palm Beach County,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S VERIFIED MOTION FOR TAXATION OF COSTS

THIS CAUSE comes before the Court pursuant to Defendant Ric Bradshaw's ("Defendant") Verified Motion for Taxation of Costs, filed January 12, 2007 **[DE 70]**. Plaintiff Wilbur Veasy ("Plaintiff") responded on January 15, 2007 **[DE 72]**. Defendant replied on January 24, 2007 **[DE 73]**. This motion is ripe for adjudication.

Defendant is the prevailing party in this matter pursuant to this Court's Order of Final Judgment entered on December 15, 2006 granting Defendant's Motion for Summary Judgment. Defendant brings this motion to recover prevailing party costs pursuant to Fed. R. Civ. P. 54(d). The costs allowed to a prevailing party are those items specifically set out in 28 U.S.C. § 1920, which allows for recovery of the following costs:

    (1)    Fees of the clerk and marshal;
    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5)    Docket fees under section 1923 of this title;
    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant seeks costs for obtaining transcripts of the depositions of Plaintiff, Defendant, Juana Lopez and Colonel Keith Chambers.  The parties repeatedly cited to the depositions of these individuals in their summary judgment papers.  Plaintiff objects to Defendant's having used a courier service for the delivery of the deposition of Defendant, but such service was necessary because Plaintiff moved to take said deposition outside the discovery deadline and because the Court allowed the parties less than a week from the date of the deposition to supplement their summary judgment materials.  Plaintiff also alleges that mini-transcripts and scanned exhibits and tabs are not recoverable, but cites no law for this proposition.  Accordingly, Defendant is entitled to an award of costs for these transcripts in the amount of $1,275.76 pursuant to 28 U.S.C. § 1920(2).

Defendant seeks to recover costs in the amount of $826.20 for copies of papers obtained for use in this case. 28 U.S.C. § 1920(4) allows recovery of costs for copies "necessarily obtained for use in the case."  Exhibit A includes a breakdown of the copying costs Defendant incurred each month throughout the course of the litigation throughout 2006.  Exhibit E contains invoices for these copies.  These copies were necessary for discovery, production of documents, maintenance of files, Plaintiff's deposition and summary judgment materials.  See K.M. v. School Board of Lee County, Florida, 2006 WL 2506960, at *3 (M.D. Fla. 2006) (taxing costs for photocopies after finding that an invoice and the prevailing parties' indication that the

3

photocopies were of discovery material was sufficient to show that they were "copies of papers necessarily obtained for use in the case").  Defendant may recover $826.20 for copies.

Defendant also requests costs in the amount of $537.50 for mediation.  The Court does not find that this amount is recoverable. The Court is bound to apply the language of the statute as written, and the statute does not allow recovery for mediation fees.  See Comin v. Walt Disney Co., 468 F.3d 1329, 1346 (11th Cir. 2006), *vacated and superseded on other grounds*, 475 F.3d 1239, (rejecting request for mediation fees on grounds that statute does not so allow); Long v. Athos Corp., 2006 WL 1722350, at *2-3 (M.D. Fla. June 20, 2006) (denying request for mediation fees because the statute does not provide for such).  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Verified Motion for Taxation of Costs, filed January 12, 2007 **[DE 70]**, is GRANTED.  Defendant shall recover costs in the amount of $2,101.96.  Let execution issue forthwith.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 12th day of April, 2007.

                                                S/Kenneth L. Ryskamp  
                                                KENNETH L. RYSKAMP  
                                                UNITED STATES DISTRICT JUDGE